

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2010

# USA v. Dion Muth

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Dion Muth" (2010). *2010 Decisions.* Paper 1648.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1648

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2286

UNITED STATES OF AMERICA

v.

DION MUTH,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-06-cr-00170-001)
District Judge:  Hon. Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on November 17, 2009

Before:  AMBRO, ALDISERT and ROTH, Circuit Judge

(Opinion filed: March 24, 2010)

O P I N I O N

**ROTH,** Circuit Judge:

Dion Muth appeals the denial of his motion for a sentence reduction under 18

U.S.C. § 3582(c)(2).  The District Court had jurisdiction under 18 U.S.C. § 3231, and this

Court has jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's

interpretation of the Sentencing Guidelines is *de novo*, and our review of its decision to deny Muth's sentence reduction is for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

Because we write primarily for the parties, we only briefly recite the facts. Muth pleaded guilty to charges of possession with intent to distribute crack cocaine and powder cocaine, in violation of 21 U.S.C. § 841(a)(1). The United States Probation Office calculated a base offense level of 30 for this crime and an offense level of 32 under the Career Offender enhancement, U.S.S.G. § 4B1.1. The District Court applied the higher offense level of 32, pursuant to § 4B1.1(b), in sentencing Muth to 150 months.

Subsequently, the United States Sentencing Commission retroactively amended the guidelines concerning crack cocaine, generally reducing the base offense levels by two. U.S.S.G.App. C, Amend. 706 (Nov. 1, 2007). Muth then moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on that amendment. The District Court found that Amendment 706 did not apply to Muth, since his sentence was based on the Career Offender enhancement and not his crack cocaine conviction, consistent with this Court's *Mateo* decision.

This Court determined in *Mateo* that Amendment 706 does not apply to career offenders because their sentences are based on the Career Offender enhancements instead of the crack cocaine offense levels. 560 F.3d at 155. Muth acknowledges that *Mateo* is controlling, but he appeals this decision for the purpose of preserving this issue for future

2

review.  Because *Mateo* is clear and controlling, we will affirm the judgment of the

District Court.